IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**UNITED STATES OF AMERICA,**

                                                                                              Case No. 4:88cr4019-WS
vs.                                                                                   Case No. 4:05cv180-WS/WCS

**THEODORE HUDSON,**

      Defendant.

_____/


### REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION

Defendant filed a motion titled "Amendment 484, and 487[,] Reasonable Doubt and Advisory Challenge Memorandum of Law and Issue and Authorities to Support 18 U.S.C. § 3582(c), of U.S.S.G."  Doc. 209.

Defendant asserts that the Supreme Court has interpreted the Federal Sentencing Guidelines, and clarifying amendments to the guidelines apply retroactively. *Id.*, p. 2.  Defendant asserts "[p]ursuant to Amendment 484 and 487 and the guideline[s] being advisory," that the Government "never prove[d] beyond a reasonable doubt, that the so-called crack cocaine was crack cocaine or cocaine base, or any other form base."  *Id.*, pp. 2-3.  He asserts that "this cocaine base could have been mixed with [beeswax] or est [sic]," so pursuant to Amendment 484 the entire weight should not

have counted.  *Id.*, p. 5.  He asserts that the substance could have been free base cocaine, which is not cocaine base as clarified by Amendment 487 (explaining that cocaine base means crack).  *Id.*, pp. 3-5.  Defendant contends that, now that the guidelines are advisory, the court does not have to apply the 100 to 1 crack to powder sentencing ratio.  *Id.*, p. 7.

Defendant also asserts that during his term of imprisonment he has learned that he made a mistake, has suffered personal losses and health problems, and has been productive in prison.  *Id.*, pp. 9-10.

Section 3582(c)(2) authorizes the court, in its discretion, to modify a term of imprisonment if the sentencing range has subsequently been lowered by the Sentencing Commission, if "consistent with applicable policy statements issued by the Sentencing Commission."  "[O]nly amendments, *clarifying or not*, listed under subsection (c) of 1B1.10, and that have the effect of lowering the sentencing range upon which a sentence was based, may be considered for reduction of a sentence under § 3582(c)(2)."  United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003). This is "a bright-line rule that amendments claimed in § 3582(c) motions may be retroactively applied *solely* where expressly listed under § 1B1.10(c)."  *Id.* (collecting cases from other circuits).

Amendment 484 amended Application Note 1 to U.S.S.G. § 2D1.1, to explain that materials which must be separated from a controlled substance *before it can be used* should not be included in determining weight of the controlled substance for sentencing.   Examples given were "fiberglass in a cocaine/fiberglass bonded suitcase, beeswax in a cocaine/beeswax statue, and waste water from an illicit laboratory."

"Amendment 484, which established the initial rule excluding unusable materials from drug weight, is among the amendments listed in § 1B1.10(c)," and applies retroactively.  United States v. Carter, 110 F.3d 759, 761 (11th Cir. 1997) (cited in Armstrong, 347 F.3d at 909).  But there was no evidence in this case that the controlled substances were combined with materials such as fiberglass or beeswax that must be extracted from the mixture before the cocaine could be used.  This case involved dealing, cooking, and street sales of crack cocaine.  PSR, ¶ ¶ 4-7 (offense conduct) and 12 (base offense level).  Defendant's sentencing range has not "subsequently been lowered" as a result of this amendment, which hash no application to the facts of his case.  Thus, Defendant is not entitled to relief under § 3582(c)(2).

Amendment 487 is not a clarifying amendment, and does not apply retroactively under § 1B1.10.  United States v. Camacho, 40 F.3d 349, 354 (11th Cir. 1994), *cert. denied*, 514 U.S. 1090 (1995).

Defendant's claim that the Supreme Court made a "clarifying amendment" when it determined that the Guidelines are advisory is based on United States v. Booker, 543 U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).  *See also* Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).  "The holding in *Booker* is that the Sixth Amendment right to trial by jury is violated where *under a mandatory guidelines system* a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005), *cert. denied*, __ S.Ct. __, 2005 WL 483174 (June 20, 2005); United States v. Burge, 407 F.3d 1183, 1191 (11th Cir. 2005) (*quoting* Rodriguez with original emphasis).

This is a claim cognizable, if at all, under 28 U.S.C. § 2255.[1]  Defendant has already been denied § 2255 relief, however, and must obtain authorization from the Eleventh Circuit before filing a second or successive motion.[2]  § 2255 (requiring that "[a] second or successive motion must be certified as provided in section 2244" to contain newly discovered evidence, or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.").  Authorization for filing such a claim has been denied in this circuit.  In re Anderson, 396 F.3d 1336, at 1339 (11th Cir. 2005) (denying leave to file successive motion as the Supreme Court has not made Booker or Blakely retroactive on collateral review).  *See also* Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005) (Blakely and Booker do not apply retroactively on collateral review even when raised in initial § 2255 motion).

Because Defendant is not entitled to relief under § 3582(c)(2), and has not been authorized to file a second or successive § 2255 motion, he is not entitled to relief.

---

[1] Even accepting that the Booker opinion could qualify as a clarifying amendment to the guidelines, clarifying amendments apply retroactively on direct appeal or by motion to vacate sentence under 28 U.S.C. § 2255.  Armstrong, 347 F.3d at 908-909, *citing* Burke v. United States, 152 F.3d 1329 (11th Cir.1998), *cert. denied*, 526 U.S. 1145 (1999) (other citations omitted).  As explained in Burke, however, "a claim that the sentence imposed is contrary to a post-sentencing clarifying amendment is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice."  152 F.3d at 1332.  *See also* Lynn v. United States, 365 F.3d 1225, 1232, 1233 and n. 15 (11th Cir.), *cert. denied*, 125 S.Ct. 167 (2004) (collecting cases, including Burke).

[2] Defendant was denied § 2255 relief on the merits, and leave to appeal in forma pauperis was denied by this court and the Eleventh Circuit.  Docs. 118, 128, 142, 147, and 152.  Two subsequent § 2255 motions were summarily dismissed as successive.  Docs. 160, 162, 174, and 176.

It is therefore respectfully **RECOMMENDED** that Defendant's motion (doc. 209) be **SUMMARILY DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 7, 2005.

s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.